IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul B. Goist, 53614-060 ) | CIVIL ACTION NO. 2:14-4036-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| United States of America, Federal Bureau ) | |
| of Prisons, Charles Samuels, Rear Admiral ) | |
| Newton R. Kendig, Harrell Watts, South ) | |
| East Regional Director, John and Jane Does, ) | |
| Warden Cruz, Victor Loranth and ) | |
| William Rigney, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action was originally filed by the Plaintiff, pro se, in the United States District Court for the Eastern District of North Carolina. Plaintiff is a federal inmate at the Federal Correctional Institution in Butner, North Carolina, and asserts claims under the Federal Tort Claims Act (FTCA). By Order filed October 16, 2014, this case was transferred to the District of South Carolina because Plaintiff is making claims with respect to medical care he received while housed at a federal correctional institution in South Carolina, and a tort claim against the United States may be prosecuted "only in the judicial district where the Plaintiff resides or where in the act or omission complained of occurred." See Court Docket No. 13.

Following transfer to this District, Plaintiff filed an Amended Complaint wherein he also asserts constitutional claims pursuant to Bivens v. Six Unknown Named Agents of the Federal



Bureau of Narcotics, 403 U.S. 388 (1971).[1]  Plaintiff seeks monetary damages, as well as injunctive relief.  Plaintiff thereafter also filed a motion for a temporary restraining order (TRO) /preliminary injunction, as well as a motion for an order to show cause why an injunction should not be issued.  By Order filed December 12, 2014, service was authorized.  No Defendant has as yet entered an appearance in this case.

A temporary restraining order (TRO) may be issued under Rule 65(b), Fed.R.Civ.P. without written or oral notice to the adverse party only if (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the Movant before the adverse party can be heard in opposition; and (b) the Movant's attorney (or, here, the pro se movant) certifies in writing any efforts made to give notice and the reasons why it should not be required.  Otherwise, issuance of a preliminary injunction under Rule 65(a), Fed.R.Civ.P. is only proper after notice to the adverse party.  In either event, with respect to any claim for injunctive relief, such relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief.  The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc.,, 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982).  Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*.  Farmer v. Brennan, 511 U.S. 825 (1994).  See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)).

In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief". The Real Truth About Obama, Inc., 575 F.3d at 346, (citing Winter, 555 U.S. at 19-22). Here, Plaintiff has failed to show entitlement to injunctive relief through his filings with this Court.

Plaintiff alleges in his verified Amended Complaint that while he was incarcerated at FCI Williamsburg in Salters, South Carolina he suffered severe left knee and leg damage, which was improperly treated by medical personnel at that prison. Plaintiff alleges that eventually left knee arthroscopy with partial lateral menisectomy versus repair and possible partial menisectomy and ACL reconstructive surgery was recommended, following which he was transferred to FCI Butner in North Carolina for this surgery. Plaintiff alleges that he thereafter received the necessary surgery at Butner, but that he nevertheless suffered permanent damage to his left knee as a direct and proximate cause of the delay and denial of surgery incurred while he was at FCI Williamsburg. See generally, Plaintiff's Amended Complaint. In his motion for a TRO and/or preliminary injunction, Plaintiff seeks an order requiring officials at Butner (not any officials in South Carolina ) to provide him with physical therapy he is seeking. Plaintiff alleges that the Butner medical team has "cut short" his

3



therapy regimen, and that if he "does not receive proper physical therapy at this time, he may never walk normally again." In a sworn "declaration" attached to his motion, Plaintiff "attests" that he has been denied adequate medical care and treatment for his left knee injury, that "physical therapy is medically required", and that he will suffer "irreparable harm" if he does not receive the physical therapy he desires. See generally, Plaintiff's Declaration (Court Docket No. 28-1).

However, even if it were to be assumed for purposes of Plaintiff's motion that this Court has the authority and jurisdiction to require non-parties to this litigation situated in another State to provide him with medical care or treatment he desires, Plaintiff's general and conclusory lay assertion in his motion that he is not receiving adequate medical care or treatment does not in and of itself establish a likelihood that he will succeed on the merits of his claim, that any such treatment is medically necessary, nor does it establish a likelihood of irreparable harm to him if an injunction is not granted. The Real Truth About Obama, Inc., 575 F.3d at 346-347. Additionally, it is not clear what form injunctive relief in this matter would even take, as the Court cannot issue an order providing simply that Plaintiff be provided with "adequate" therapy or medical care - a level of care that the Defendants no doubt will assert he is already receiving. Hence, such a general mandate would not serve to provide Plaintiff any more relief. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008).

Plaintiff will be able to fully litigate and have resolved in his underlying action his claim that he did not receive adequate medical care while housed at FCI Williamsburg, and if the evidence presented to this Court through the prosecution of this action establishes that Plaintiff is



4

entitled to either monetary or injunctive relief, then an appropriate order and judgment can be entered at that time.  Therefore, it is recommended[2] that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (Court Docket No. 28), as well as his "motion for order to show cause" (Court Docket No. 29), be **denied** at this time.  Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

    Plaintiff is referred to the Notice Page attached hereto

_____
Bristow Marchant
United States Magistrate Judge

January 9, 2015
Charleston, South Carolina

---

[2] A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A).  See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

