IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Paul B. Goist, #53614-060, ) | |
| ) | No. 9:14-cv-4036-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Federal Bureau of Prisons, Charles ) | |
| Samuels, Rear Admiral Newton R. ) | |
| Kendig, Harrell Watts, South East ) | |
| Regional Director, ) | |
| John and Jane Does, Warden Cruz, ) | |
| Victor Loranth, and William Rigney, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending Plaintiff's motions for a temporary restraining order (TRO) / preliminary injunction and an order to show cause as to why an injunction should not be issued be denied. (Dkt. No. 46). For the reasons stated below, the Court **ADOPTS** the R & R in full.

## I. Background

Plaintiff Paul B. Goist ("Plaintiff), is a federal inmate, proceeding *pro se* and *in forma pauperis*, asserting claims under the Federal Tort Claims Act (FTCA) (Dkt. No. 1), as well as constitutional claims of deliberate indifference to his medical needs pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Dkt. No. 20). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was referred to a Magistrate Judge for pretrial proceedings. Plaintiff subsequently filed a motion for a temporary restraining order (TRO) / preliminary injunction against transfer from the Federal

Medical Center, Butner[1] and an order requiring the facility to provide "appropriate physical therapy." (Dkt. No. 28). Plaintiff also filed a motion for an order to show cause as to why an injunction should not be issued. (Dkt. No. 29). The Magistrate Judge issued the present R & R, recommending the motions be denied (Dkt. No. 46) and the Plaintiff filed timely objections (Dkt. No. 58).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-271 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Where the Petitioner fails to file specific objections to the Report and Recommendation, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed.R.Civ.P. 72 advisory committee note).

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n,* 575F.3d 342, 346-347 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.,* 550 F.2d

---

[1] At the time of the alleged injury, Plaintiff was housed at FCI Williamsburg in Salters, South Carolina. He was transferred to FMC Butner, North Carolina to undergo surgery and engage in post-operative physical therapy.

189 (4th Cir. 1977). A petitioner must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 129 S.Ct. at 376; *Real Truth*, 575 F.3d at 345-346. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 129 S.Ct at 374-76; *Real Truth*, 575 F.3d at 347.

### III. Discussion

After *de novo* review of the record, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound principles to the facts of this case and therefore agrees with and wholly adopts the conclusions of the Magistrate Judge. Plaintiff filed objections to the Magistrate's report; however, most of the objections simply repeat the same arguments made in the motion for the temporary restraining order. (*E.g.* Dkt. No. 58 at 2, "The Plaintiff objects to the assertion that the R&R states Plaintiffs general and conclusory lay assertions in his motion that he is not receiving adequate medical care or treatment does not in and of itself establish the likelihood that he will succeed on the merits of his claim . . . Goist assertions are based upon clearly established law and precedent, periodicals and medical evidence. . . .")

The record in this case shows that Plaintiff has not demonstrated a clear likelihood of success on the merits of his deliberate indifference claim. The Constitution does not guarantee a prisoner "to the treatment of his or her choice." *De'lonta V. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013). Additionally, "[m]ere disagreement as to the proper medical treatment" does not constitute deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825 (1994). The right to medical treatment is limited to that treatment that is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Goodwin*, 551 F.2d 44, 48 (4th Cir. 1977). Further, a disagreement as to the proper treatment to be received does not in and of itself state a

constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F.Supp. 351, 353 (D. Kan. 1986).

Plaintiff also fails to demonstrate he will be irreparably harmed in the absence of relief. Plaintiff points to a case with analogous facts but has submitted no proof of irreparable harm in the form of medical records, medical opinion, evidence of medical history, or otherwise to corroborate his claims of medical exigency. *See McKeowen v. Pacheko*, No. 1:10–CV–1606–RMG–SVH, 2011 WL 1321975, at *2 (D.S.C. Apr. 7, 2011). Plaintiff cannot show a likelihood of irreparable harm where he seeks an order requiring officials to provide physical therapy based on what constitutes a disagreement over appropriate medical treatment. Without such evidence, the court cannot conclude Plaintiff will be irreparably harmed if physical therapy is not resumed. Furthermore, Plaintiff was transferred from Federal Medical Center Butner in January of 2015, rendering an injunction against such transfer moot. The Court agrees that Plaintiff has failed to satisfy the heavy burden required to obtain preliminary injunctive relief and as such, the Court need not address Plaintiff's amended request for a remedial plan and the appointment of a monitor.

### IV. Conclusion

For the reasons set forth above, Plaintiff's motions are **DENIED**.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

April 8, 2015
Charleston, South Carolina

4