IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul B. Goist,                                )<br>                                                     )<br>              Plaintiff,                       )<br>                                                     )<br>vs.                                                )<br>                                                     )<br>Charles Samuels, Rear Admiral      )<br>Newton R. Kendig, Harrell Watts,  )<br>South East Regional Director, John )<br>and Jane Does, Warden Gruz,         )<br>Victor Loranth, M.D., and William  )<br>Rigney, P.A.,                                  )<br>                                                     )<br>              Defendants.                    )<br>                                                     )<br>_____) | Civil Action No. 9:14-4036-RMG<br><br><br><br><br><br><br>**ORDER** |

This matter comes before the Court on a Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendants' motion for summary judgment be granted and the case be dismissed. (Dkt. No. 146). Plaintiff has filed objections to the R & R. (Dkt. No. 148). As set forth more fully below, the Court adopts the R & R as the order of the Court, grants the motion for summary judgment and dismisses this action with prejudice.

**Legal Standard**

The recommendation of the Magistrate Judge has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 260, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made and may "accept, reject or modify, in whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C.

-1-

636(b)(1).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only where it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F. 2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the non-moving party." *Health South Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

For a prisoner to state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious" and (2) that subjectively the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The subjective component can be demonstrated by showing that the defendant acted with deliberate indifference. This requires more than a showing of medical negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, a prison official must demonstrate deliberate indifference by "completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care." *Bridges v. Keller*, 519 Fed.

-2-

App'x 786, 787 (2013). Mere disagreement between the prisoner and prison officials regarding the proper treatment required does not constitute deliberate indifference. The Constitution requires only that the prisoner receive adequate medical care and is not guaranteed treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The fact that a prisoner believes he had a more serious injury or that he required better treatment does not establish a constitutional violation. *King v. United States*, 536 Fed. App'x 358, 362-63 (4th Cir. 2013).

### Discussion

The Magistrate Judge has ably and thoroughly discussed the extensive medical record in this matter and the Court finds it unnecessary to repeat it in in full. The record establishes that Plaintiff, then a prisoner at FCI Williamsburg, suffered an injury to his knee on April 12, 2013 when he fell while engaging in "horse play" with another prisoner. He was seen by a physician's assistant regarding the injury on April 17, 2013, who aspirated fluid from his knee and recommended ice, elevation and over the counter pain medication. (Dkt. No. 74-13 at 16). A plain film of the knee was performed that same day, which was negative, and a MRI of the knee was performed on May 29, 2013, which showed a meniscus tear and moderate joint effusion. (*Id.* at 22). Plaintiff was thereafter seen by a prison physician on July 2, 2013, who recommended an orthopaedic consult. (*Id.* at 25). Plaintiff was seen by an orthopaedist on August 22, 2013, who recommended surgical repair of the knee. (*Id.* at 34-35). Throughout this time, Plaintiff's pain symptoms were being treated by Ibuprofen. (*Id.* at 16, 28, 42, 46).

Plaintiff was thereafter referred on March 21, 2014 to another prison health facility, at FMC Butner, for his surgical treatment and rehabilitation. According to a treating physician at FCI Williamsburg, he made the referral because under BOP policies "[i]nmates requiring

-3-

extended, formal physical therapy" should be referred to a medical referral center, such as FMC Butner. (Dkt. 74-8 at 7). Plaintiff arrived at FMC Butner on May 22, 2014 and underwent additional diagnostic and clinical assessments until he had the surgery performed on July 7, 2014. (Dkt. 74-13 at 48-84). Plaintiff thereafter underwent extensive physical therapy at FMC Butner. (*Id.* at 101-128).

Although Plaintiff has made 31 objections to the R & R, the essence of Plaintiff's constitutional claim is that he believes he had a serious, emergent medical condition that required immediate medical treatment and the Bureau of Prisons health care officials viewed Plaintiff as having a chronic condition that required surgical treatment on a non-emergent basis when it could reasonably be scheduled. As Defendant Dr. Victor Loranth stated in a sworn affidavit, medical treatment is prioritized at the BOP so that the most emergent cases go first and other patients are scheduled as bed space becomes available. Dr. Loranth stated that while Plaintiff waited for bed space at FMC Butner, his condition was monitored and he received pain management. Dr. Loranth further stated that the Plaintiff's care was consistent with "prevailing community standards." (Dkt. No. 74-8 at 7-8).

While Plaintiff claims that the delay in his surgical care was for "monetary reasons", the record demonstrates that from the time his knee injury was diagnosed until the time of his surgery he was seen by multiple health care providers, including two orthopaedic surgeons, underwent numerous radiographic studies, including two MRI's, and had his pain symptoms treated by Ibuprofen. (Dkt. No. 74-13 at 15-16, 18, 21, 25-29, 32, 34-35, 42, 46, 48-52, 53-54, 56, 57-58, 59-63, 64-65). It is notable that even after his transfer to FMC Butner in May, 2014, Plaintiff was further evaluated before surgery was performed in early July, again indicating that

his condition did not required emergent medical intervention.

As the Magistrate Judge's thorough summary and the medical record make abundantly clear, Plaintiff has not been the victim of deliberate indifference in regard to his medical condition but has received extensive and effective medical care from his providers. He may have desired a quicker surgery date but nothing about the course of treatment undertaken here remotely suggests a violation of Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment.

### Conclusion

The Magistrate Judge reasonably and correctly concluded that Plaintiff has failed to state a valid constitutional claim under *Bivens* against any of the named Defendants and that they are entitled to judgment as a matter of law. After a careful review of each of Plaintiff's objections, the Court is unpersuaded that the R & R does not correctly set forth the material facts and proper conclusions of law. Therefore, the Court **ADOPTS** the R & R (Dkt. No. 146) as the order of the Court, **GRANTS** Defendants' motion for summary judgment, and **DISMISSES** this action **WITH PREJUDICE.**[1]

AND IT IS SO ORDERED.

---

[1] In light of the Court's adoption of the R & R of the Magistrate Judge, grant of summary judgment to Defendants, and the dismissal of this action with prejudice, the following pending motions are rendered moot: Dkt Nos. 132, 139, 140, 141, 142, 149, 150, 150, 151, 152, 153.

_____
Richard Mark Gergel
United States District Judge

July 21, 2015
Charleston, South Carolina

-6-